UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

SHADY GABAL

                              Plaintiff,

                    -against-

SCOUTSEE INC., DENNIS KWON and TOM KWON,

                             Defendants.

---------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, Shady Gabal, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay Plaintiff salary and health insurance premium. Plaintiff was required to report to work, ready to perform work and actually perform work duties during the period in question. Plaintiff seeks to recover unpaid back wages, the health insurance premium, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

### JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

3. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district based upon Defendant Scoutsee's residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C.

§1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Shady Gabal was a software engineer for Scoutsee Inc. in October 2016.

6. That at all times relevant hereto, Defendant Scoutsee Inc. was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of Delaware.

7. That at all times relevant hereto, Defendant Scoutsee does business in the State of New York.

8. That at all times relevant hereto, Defendant Tom Kwon (Defendant "T. Kwon"), was and is the CEO of Scoutsee Inc. Defendant T. Kwon exercised control over all of Plaintiff's daily tasks, employed Plaintiff, and had an ownership interest in Defendant Scoutsee Inc.

9. That at all times relevant hereto, Defendant Dennis Kwon (Defendant "D. Kwon"), was and is the CTO of Scoutsee Inc. Defendant D. Kwon exercised control over all of Plaintiff's daily tasks, employed Plaintiff, and had an ownership interest in Defendant Scoutsee Inc.

10. Plaintiff Shady Gabal was, during all relevant times, an employee for Defendant Scoutsee Inc, Defendant D. Kwon and Defendant T. Kwon.

11. Upon information and belief, Defendant Scoutsee, Inc. had more than $500,000.00 in business done during the last year in business.

## MATERIAL FACTS

12. Plaintiff Gabal was hired by Scoutsee Inc. in October of 2016 as a software engineer.

13. His initial duties included transcribing and uploading coding for Scoutsee Inc.

14. In addition, Plaintiff Gabal was to make a salary of 100k a year.

15. Plaintiff Gabal started working for Defendants and was paid his annual salary. At no time did Defendants indicate that his work was less than acceptable.

16. In or around Mid-May of 2017, Plaintiff Gabal met with the CEO and CTO, Defendants D.

Kwon and T. Kwon, where they informed him, due to a lack of funds, Plaintiff Gabal would not be getting paid starting from May 16th and his benefits would end at the end of May.

17. Defendants D. Kwon and T. Kwon repeatedly assured Plaintiff Gabal this was only temporary and would be resolved in 2-3 weeks.

18. During the meeting, Defendant D. Kwon and T. Kwon asked Plaintiff Gabal to pay the premiums out of pocket for health insurance and claimed that Plaintiff Gabal would be reimbursed for the full amount once Scoutsee Inc. rose funding.

19. Plaintiff Gabal decided to continue working for Scoutsee Inc., trusting Defendants D. Kwon and T. Kwons' representations that he would be reimbursed for the time he worked for Scoutsee Inc. without pay and for his out of pocket payment for health insurance.

20. Plaintiff Gabal's last paycheck was on or about May 15, 2017.

21. On or about June 9, 2017, Plaintiff Gabal informed Defendants D. Kwon and T. Kwon, that he paid the insurance premium in the amount of $680.76 for the month of June. Defendants D. Kwon and T. Kwon confirmed that they would reimburse Plaintiff Gabal for his out of pocket payment.

22. Concerned that it was taking longer than he was told by the Defendants, Plaintiff Gabal spoke with Defendants about the status of their fundraising in person. A few days later, on or about June 13, 2017, after, the CEO texted Plaintiff Gabal assuring him they had people interested and were near to closing the deal.

23. Two weeks later, on or about June 28, 2017, Plaintiff Gabal received another message from Defendant T. Kwon saying they were in "due diligence" with investors. They estimated that the deal would be closed in about two (2) weeks and then Plaintiff Gabal would receive his back pay, as well as be reimbursed for his payment for health insurance.

24. On or about June 29, 2017, Plaintiff Gabal informed Defendants D. Kwon and T. Kwon that

he would again be paying the health insurance premium out of pocket, this time for the month of July. Defendants again promised they would reimburse Plaintiff Gabal the full amount and assured him this would be the last time Plaintiff Gabal would have to pay out of pocket for the health insurance.

25. A couple of weeks later, on or about July 12, 2017, Plaintiff Gabal was told Scoutsee Inc. sent an invoice for $58k to their brand partner, Spartan Race. Defendants reassured Plaintiff Gabal that whichever came in first, the fundraising money or the invoice payment would be used to pay Plaintiff Gabal back for his back pay and health insurance payments.

26. By this point, based on what Defendants D. Kwon and T. Kwon were promising Plaintiff Gabal, he would be receiving his back pay imminently.

27. Throughout this entire time, Plaintiff Gabal continued to work as he normally would. Plaintiff Gabal was present in the office full-time and had been writing code regularly.

28. During this time, Plaintiff Gabal was repeatedly assured by the Defendants that they were almost finished raising funds and he would be reimbursed fully for the back pay imminently.

29. After several weeks went by, Plaintiff Gabal had not yet been reimbursed for his back pay and the promises seemed less trustworthy. It became very clear that everything the Defendants were telling Plaintiff Gabal was inaccurate.

30. Defendant Scoutsee Inc.'s proposed deal that they claimed to be in "due diligence" for raising funds never materialized and the invoice sent to the companies brand partner Spartan Race, after two (2) months, was never paid.

31. Finally, on or about August 30, 2017, Plaintiff Gabal notified the Defendants that if his back pay was not received by September 1, 2017, Gabal would resign from Defendants' employment.

32. Plaintiff Gabal did not receive what was owed to him and he resigned on September 1,

2017.

33. Plaintiff Gabal worked from May 16 through September 1, 2017 without receiving any pay for his time worked.

34. Plaintiff's pay period was bimonthly, totaling seven missed pay periods.

35. Defendants are aware that they were in violation of the law.

36. Plaintiff was damaged by Defendants' failure to comply with their agreement to pay him $100,000.00 per year in salary. Further he was not paid any wage, much less a minimum wage, for the period of time he worked from mid-May of 2017 until September 1, 2017.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

38. Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during his employment.

39. Defendant failed to pay the legally mandated minimum wage to Plaintiff and failed to pay him at his agreed upon salary of $100,000.00.

40. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

42. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

43. Defendant failed to pay Plaintiff the minimum wage for certain hours when Plaintiff was required to be at work, ready to work, and actually performing the work.

44. Defendant's violation was willful.

45. Defendant failed to pay the agreed upon wage of $100,000.00 per year from May 16, 2017 until the end of Plaintiff's employment.

46. On account of such violations, Defendant is liable to Plaintiff for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

49. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

50. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR BREACH OF CONTRACT

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52. Defendants agreed to employ Plaintiff at a salary of $100,000.00 per year.

53. Both sides received adequate consideration for the mutual promises inherent in employment.

54. Defendants breached this agreement.

55. As a result of this intentional breach, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of this Court.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

   **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Awarding Plaintiff damages for the breach of him employment contract;

C. Declaring that Defendants' policies and procedures violate the FLSA and the NYLL;

D. Awarding damages to the Plaintiff to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff punitive damages and liquidated damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
       January 3, 2018

**THE ROSE LAW GROUP, PLLC**

Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
Ph: (718) 989-1864
Fax: (917) 831-4595

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

SHADY GABAL

                              Plaintiff,

      -against-

SCOUTSEE INC., DENNIS KWON and TOM KWON,

                              Defendants.

-------------------------------------------------------------------------X

**VERIFICATION**

Case No.: _____

Shady Gabal being duly sworn, deposes and states:

    I am the Plaintiff in the above-entitled action. I have read the Complaint, know the contents and information and facts stated therein, except those matters therein which are stated to be alleged on information and belief, and as to those matters not stated upon knowledge, I believe them to be true.

_____
Shady Gabal

Sworn to before me on this
3rd day of January, 2018

_____
Notary Public/State of New York

JESSE CURTIS ROSE
NOTARY
NO. 02RO6204994
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
6/6/21
STATE OF NEW YORK